IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>DENISE M. CARR<br>  AKA DENISE M. BROWN<br><br>    Debtor | Case No. 16-12765-BLS<br>(Chapter: 13) |
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT<br><br>  Movant<br><br>v.<br><br>DENISE M. CARR<br>  AKA DENISE M. BROWN<br>407 S. DUPONT STREET<br>WILMINGTON, DE 19805<br>    (Debtor)<br><br><br>MICHAEL B. JOSEPH<br>824 MARKET STREET<br>P.O. BOX 1351<br>WILMINGTON, DE 19899-1351<br>    (Trustee)<br><br>  Respondents | Ref Doc #: 47 |

## CONSENT ORDER MODIFYING AUTOMATIC STAY

Upon consideration of the Motion for Relief from Automatic Stay ("Motion") filed by U.S. Bank National Association, as Trustee of The SCIG Series III Trust[1] ("Movant") and any

---

[1] The Motion was filed by U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT; however, the loan was transferred to U.S. Bank National Association, as Trustee for the SCIG Series III Trust in December 2017 per the Transfer of Claim on the Claims Register.

responses thereto, the consent of the Debtor having been given, and good cause having been shown; and

**WHEREAS,** On or about October 23, 2009, the Debtor executed and delivered to Harleysville National Bank & Trust Company in the amount of ONE HUNDRED FIFTY-SEVEN THOUSAND SEVEN HUNDRED TWELVE DOLLARS AND NO CENTS ($157,712.00), plus interest at the fixed rate of 5.5% per annum, attorneys' fees, costs and late charges to be paid over thirty (30) years;

**WHEREAS,** to secure the repayment of the sums due under the Note, the Debtor executed and delivered to Harleysville National Bank & Trust Company dated October 23, 2009, with respect to real property commonly known as 407 S. Dupont Street, Wilmington, DE 19805 (the "Property"); and

**WHEREAS,** the Mortgage and Note were later transferred to Movant and Movant is the holder of the Mortgage and Note; and

**WHEREAS,** the Debtor failed to make thirteen (13) post-petition payments is in post-petition arrears for a total of $11,948.61, (the "Arrearage"), which represents thirteen (13) payments in the amount of $918.66 each for the months of April 2017 through April 2018, and less $574.97 credit for funds held in suspense credit and $581.00 for attorney fees and costs associated with the filing of the Motion; and

**WHEREAS,** the parties desire to resolve this matter without the risks and costs of litigation.

It is this _____ day of _____, 2018 by the United States Bankruptcy Court for the District of Delaware,

**ORDERED,** that the automatic stay is modified as stated in this Order, and the Debtor

shall perform under the Note, and comply with all of the following terms and conditions:

(a) Within thirty (30) days of the entry of this Order the Debtor shall file a Motion to Modify the Confirmed Chapter 13 Plan that cures the remaining post-petition arrears in the amount of $11,948.61; and

(b) Within sixty (60) days of the entry of this Order the Movant shall file a supplemental Proof of Claim to allow the Chapter 13 Trustee to disburse funds to Movant to allow the Debtor to cure the remaining post-petition mortgage arrears; and

(c) In addition to curing the Arrearage, beginning on May 1, 2018, the Debtor shall resume making regular monthly payments in the amount of $918.66, subject to adjustment for taxes and insurance as due under the Note, and shall timely make all subsequent payments required pursuant to the Note until the Note is paid in full; and

(d) All payments shall be sent directly

BSI Financial Services
314 South Franklin Street
P.O. Box 517
Titusville, PA 16354
Atthn: Payment Processing Department

and it is further

**ORDERED**, that in the event that the Debtor or Movant discovers proof of payment not yet credited, the payment will be credited to the debt agreement account and the aforementioned post-petition arrearage will be reduced accordingly; and it is further

**ORDERED**, that if the plan is not modified, or if any regular monthly payments for the remianing life of the bankruptcy are not timely made, then Movant may file with the Court and serve a Notice of Non-Compliance to Debtor's last known address; Debtor's Counsel; and to the Chapter 13 Trustee at the address shown here under and Debtor shall have fifteen (15) days to

cure the Default Amount. If after fifteen (15) days from the Notice, the cure has not been tendered by the Debtor and accepted, then Movant may file with the Court a Notice of intent to Foreclose with service to the parties delineated herein and without further order of this Court, the automatic stay shall terminate and Movant is authorized to exercise its legal rights under applicable law as to the Property; and it is further

**ORDERED**, that in the event that the Automatic Stay is terminated, the Chapter 13 Trustee shall be relieved of any and all obligation to cure the proof of claim arrearage due to Movant, its successors or assigns; and it is further

**ORDERED**, that to the extent this case is dismissed, discharged, converted to a case under Chapter 7 or closed and payments on the Note are not contractually current, the Automatic Stay is terminated and Movant shall be permitted to exercise its legal rights under applicable law with respect to the Property.

BY THE COURT:

---

The Honorable Brendan Linehan Shannon
U.S. Bankruptcy Court Judge

WE ASK FOR THIS:

*/s/Jessica L. Mullenix Woodward*
Jessica L. Mullenix Woodward (DE #5516)
John E. Tarburton (DE #3918)
Orlans PC
4250 Lancaster Pike, Suite 140
Wilmington, DE 19805
(302)339-8800
(302)213-0043
jwoodward@orlans.com
jtarburton@orlans.com

*Attorney for Movant*

Doreen H. Becker
Holfeld & Becker
1217 King Street
Wilmington, DE 19801
*Attorney for the Debtor*

Michael B. Joseph Esquire
824 Market Street
P.O. Box 1351
Wilmington, DE 19899-1351
*Chapter 13 Trustee*   5-23-18